1

2   ALEXANDER S. RUSNAK, Bar No. 300054
    JENNIFER L. RUSNAK, Bar No. 247054
3   RUSNAK LAW OFFICE
    1001 Molalla Ave. Suite 221
4   Oregon City, OR 97045
    Telephone: (408) 780-9835
5   Facsimile: (408) 351-0114
    Arusnak@rusnaklawoffice.com
    Jrusnak@rusnaklawoffice.com
6

    Attorneys for Plaintiff ANIETA C. PETITT
7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9

10  ANIETTA C. PETITT                    | Case No.    5:21-cv-7639

11          Plaintiffs,                  | **COMPLAINT**

12      v.                               | **Representative Action Under California's
                                         | Private Attorneys General Act of 2004 (*Cal.
13  EXIGENCY HEALTHCARE SERVICES,        | Labor Code* § 2698 *et seq.*)**
    LLC, FELIXBERTO O. MATAMIS, and
14  KAREN P. PANILIO                     | Federal FLSA Claim:
                                         |   1. Failure to Pay Overtime and For All Hours
15                                       |      Worked (29 U.S.C. §§ 207, 216(B), and
            Defendants.                  |      255(A));
16
                                         | California Supplemental State Claims:
17                                       |   2. Failure to Pay Overtime Wages and For All
                                         |      Hours Worked (Cal. *Labor Code* §§ 510,
18                                       |      1194, 1194.1 1197, and 1454);
                                         |   3. Violation of Statutory Duty for Breach of *Labor
19                                       |      Code* §226.7 (No Meal Periods);
                                         |   4. Violation of Statutory Duty for Breach of *Labor
20                                       |      Code* §226.7 (No Rest Breaks);
                                         |   5. Failure to Provide Complaint Wage Statements
21                                       |      (Cal. *Labor Code* § 226);
                                         |   6. Waiting Time Penalties (*Labor Code* § 203);
22                                       |   7. Failure to Reimburse Expenses (Cal. *Labor
                                         |      Code* § 2802);
23                                       |   8. Restitution for Unfair Business Practices (*Bus.
                                         |      & Prof. Code* §§ 17200 *et seq.*).
24                                       |   9. Private Attorneys General Act of 2004 (*Lab.
                                         |      Code* §2698 *et seq.*)
25

26

27

28

                              1

**NATURE OF THE CASE**

1. This is an action by Plaintiff  ANIETTA C. PETITT ("PLAINTIFF") against Defendants EXIGENCY HEALTHCARE SERVICES, LLC; FELIXBERTO O. MATAMIS; and KAREN P. PANILIO (collectively "DEFENDANTS") who own and operate as an in-home or in-facility care service provider.  PLAINTIFF seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under *Cal. Labor Code* § 203 (at all time referred to as simply *Labor Code*), premium wages for the denied meal and rest breaks and attorney's fees, costs, and pre-judgment interest pursuant to *Labor Code* § 226, 1194(a), 2802, and 29 U.S.C. § 216(b), and equitable relief under the Unfair Competition Act, *Cal. Bus. & Prof. Code* §§ 17200 *et seq., for* DEFENDANTS' unfair, unlawful and fraudulent business practices described herein.

2. PLAINTIFF asserts claims under California's Private Attorney Generals Act of 2004 (*Labor Code* § 2698 *et seq.*) as a Representative Action on behalf of the State of California for violations of California's *Labor Code* they and other current and former aggrieved employees suffered by DEFENDANTS.

3. DEFENDANTS' policies and practices violate 29 U.S.C. § 216(b); California Industrial Welfare Commission ("I.W.C.") Wage Orders; California Code of Regulations, Title 8, Chapter 5, § 11150; *Labor Code* §§ 200, 201, 202, 203, 204, 210, 226.7, 510, 512, 1194, 1194.2 and 1454; and California Business and Professions Code §§ 17200 *et seq.* (the "Unfair Business Practices Act").  These laws require, *inter alia*, that employees be paid at least minimum wage for all hours worked, be paid for overtime hours at the correct overtime rate, and that all hours worked by accurately reflected on a written, itemized statement.

4. PLAINTIFF'S claims can be summarized as follows:

5. <u>Failure to Pay Overtime Hours Worked at the Overtime Rate of Pay:</u> At all relevant times, PLAINTIFF was paid by the hour.  However, PLAINTIFF would only receive a fraction of their wages by check without deductions, at their regular hourly rate of pay, without overtime

COMPLAINT

after 40-hours in a week or 8-hours in a day.  Claims for overtime and liquidated damages are made as against all DEFENDANTS.

6. <u>Failure to Provide Meal and Rest Breaks</u>:  DEFENDANTS routinely failed and refused to reasonably provide PLAINTIFF with a first or second duty-free meal and all rest periods during their work shifts and failed and refused to compensate PLAINTIFF when she performed work during said meal and rest periods, as required by *Labor Code* § 226.7 and the other applicable laws and regulations.

7. <u>Failure to Timely Pay Wages for All Hours Worked</u>: PLAINTIFF seeks compensation for all uncompensated work, liquidated or other damages as permitted by applicable law, as well as attorneys' fees, penalties, interest, and costs for the above.

8. <u>Failure to Provide Complaint Wage Statements</u>: PLAINTIFF seeks damages for DEFENDANTS' failure to provide compliant wage statements;

9. <u>Failure to Reimburse Expenses Incurred</u>: PLAINTIFF seeks reimbursement of expenses incurred while performing their job duties, such as traveling between DEFENDANTS' clients' locations;

10. <u>Restitution Under the Unfair Competition Acts</u>: PLAINTIFF seeks equitable relief for DEFENDANTS' unfair, unlawful and fraudulent business practices described herein.

11. <u>Civil Penalties under California's Private Attorney Generals Act of 2004</u> (*Labor Code* §2698 *et seq.*): PLAINTIFF seek civil penalties for DEFENDANTS violations of California's *Labor Code*s they and other aggrieved employees suffered at the hands of DEFENDANTS.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. PLAINTIFF, as an aggrieved employee, bring a claim under *Labor Code* §2698 *et seq.* on behalf of themselves and other current and former employees of DEFENDANTS as non-exempt employees at any time for which the recovery under *Labor Code* §2698 *et seq.* is authorized.  PLAINTIFF sent a notice to the Labor and Workforce Development Agency ("LWDA") of the specific provisions of the *Labor Code* that have been violated and including facts and theories that support the violation on July 1, 2021.  A true and correct

copy of the notice is attached as Exhibit A.  PLAINTIFFS sent a copy of the notice sent to the LWDA to the DEFENDANTS above as well.  Sixty-five days have passed since the above notice was sent to the LWDA and the LWDA has not responded.

13. Further, PLAINTIFFS have submitted the $75.00 payment to the LWDA for filing the above PAGA notice.

## SUBJECT MATTER JURISDICTION AND VENUE

14. This Court is a proper venue since events giving rise to this lawsuit have occurred in this district.  Specifically, PLAINTIFF primarily worked for DEFENDANTS' clients in Santa Clara County.

15. This Court has subject matter jurisdiction of this action based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the supplemental jurisdiction of this Court. DEFENDANTS' gross revenue meets the jurisdictional minimum of the Fair Labor Standards Act, and their business involves products that move through interstate commerce.

## PARTIES TO THE ACTION

16. Plaintiff ANIETA C. PETITT ("PLAINTIFF" or "PETITT") is, and at all relevant times herein are individuals over the age of eighteen and resident of California and was employed by DEFENDANTS within the statute of limitations in this action.

17. PLAINTIFF is informed and believe and thereon allege that Defendant EXIGENCY HEALTHCARE SERVICES, INC.  is a California Limited Liability Company and authorized to conduct business in the State of California.

18. PLAINTIFF is informed and believe and thereon allege that Defendant FELIXBERTO O. MATAMIS was, at all times mentioned herein, an owner, manager, and managing agent as defined in subdivision (b) of Section 3294 of the Civil Code of EXIGENCY HEALTHCARE SERVICES, INC. and is thus liable for PLAINTIFF'S damages pursuant to *Labor Code* §

558.1.

19. PLAINTIFF is informed and believe and thereon allege that Defendant KAREN P. PANLILIO was, at all times mentioned herein, an owner, manager, and managing agent as defined in subdivision (b) of Section 3294 of the Civil Code of EXIGENCY HEALTHCARE SERVICES, INC. and is thus liable for PLAINTIFF'S damages pursuant to *Labor Code* § 558.1.

20. PLAINTIFF is informed and believe and thereon allege that DEFENDANTS employed PLAINTIFF as a non-exempt employees.

## GENERAL ALLEGATIONS

21. DEFENDANTS employed PLAINTIFF and other aggrieved employees during all relevant times within the statute of limitations for this action.  PLAINTIFF and other aggrieved employees worked as a caregiver for the elderly.

22. PLAINTIFF and other aggrieved employees were paid by the hour but were never properly paid overtime wages even though PLAINTIFF and other aggrieved employees worked hours subject to overtime premium compensation.

23. DEFENDANTS did not pay PLAINTIFF or other aggrieved employees for all hours worked, such as when PLAINTIFF and other aggrieved employees traveled between DEFENDANTS' clients' locations.

24. During PLAINTIFF'S and other aggrieved employees' employment with DEFENDANTS, PLAINTIFF worked overtime hours, more than 40 hours in a workweek and over eight hours in a workday, during at least one pay period during the statute of limitations without DEFENDANTS paying their proper overtime wages.

25. PLAINTIFF and other aggrieved employees would work a full shift at one of DEFENDANTS' clients' locations and then work another shift at a different client's location.

26. DEFENDANTS did not pay PLAINTIFF for time spent traveling from one client location to another.

27. DEFENDANTS did not reimburse PLAINTIFF for expenses incurred for travel from one facility to another, such as using their own personal vehicles or costs for utilized various rideshare services such as Uber or Lyft.

28. DEFENDANTS misclassified PLAINTIFF and other aggrieved workers as independent contractors to avoid their obligations under the FLSA and California's *Labor Code*.

29. DEFENDANTS did not pay PLAINTIFF and other aggrieved employees for time spent traveling from one location to another when PLAINTIFF and other aggrieved employees were assigned to work at multiple facilities owned and operated by DEFENDANTS.

30. DEFENDANTS' failure to pay at least overtime wages when due and owing was willful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under *Labor Code* § 203.

31. DEFENDANTS failed to provide PLAINTIFF and other aggrieved employees with a duty-free rest break of at least 10 minutes every four hours of work or major fraction thereof. Further, DEFENDANTS failed to provide PLAINTIFF and other aggrieved employees with a duty-free meal period when PLAINTIFFS worked five hours or more in a workday and on days in which she worked over 10 hours and at times 12 hours or more, they were not able to take a second meal period.

### <u>COUNT ONE</u>
### FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Properly Pay Overtime Wages and For All Hours Worked*
*AGAINST ALL DEFENDANTS*

32. PLAINTIFF re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

33. At all relevant times herein, PLAINTIFF'S employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

34. DEFENDANTS operate a business enterprise engaged in commerce or in the production of

goods for commerce as defined by 29 U.S.C. § 203 ® & (s) and related Department of Labor regulations.

35. DEFENDANTS routinely required or suffered or permitted PLAINTIFF to work more than 40 hours per week without paying all their wages for such overtime work.

36. Further, DEFENDANTS failed to pay PLAINTIFF for all hours worked, including time spent traveling from one facility to another to perform their job duties or when PLAINTIFF was not timely relieved by a replacement worker.

37. In failing to pay PLAINTIFF all overtime wages at one-and-one-half times their regular rate of pay, DEFENDANTS willfully violated the FLSA.

38. As a direct and proximate result of DEFENDANTS' failure to pay the PLAINTIFF'S proper wages under the FLSA, PLAINTIFF incurred general damages in the form of unpaid regular and overtime wages in an amount to be proved at trial.

39. DEFENDANTS intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay PLAINTIFF her proper wages. DEFENDANTS are thus liable to PLAINTIFF for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

40. PLAINTIFF was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**SUPPLEMENTAL STATE CLAIM**
*Violation of Cal. Labor Code §§ 510, 1194, 1197, 1194.2, and 1454*
*Failure to Pay Overtime Wages and For All Hours Worked*
*AGAINST ALL DEFENDANTS*

41. PLAINTIFF re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

42. At all times mentioned herein, DEFENDANTS were subject to the overtime wage laws of the State of California pursuant to *Labor Code* § 510, regarding work undertaken for

DEFENDANTS.  Pursuant to *Labor Code* § 510, DEFENDANTS had a duty to pay their employees, including PLAINTIFF and other aggrieved employees, no less than the one and one-half times their contractually agreed upon regular rate of pay for all hours worked in excess of eight hours a day and forty hours a week.  Under *Cal. Labor Code* § 1194, PLAINTIFF is entitled to be paid overtime wages and has standing to sue for such violations.

43. Pursuant to *Labor Code* § 1454 DEFENDANTS had the duty to pay PLAINTIFF and other aggrieved employees overtime premiums for hours in excess of nine hours in a workday and forty-five hours in a workweek for any time that PLAINTIFF or other aggrieved employees are deemed to be personal attendants.

44. Pursuant to *Labor Code* § 1194, PLAINTIFF seeks as earned but unpaid overtime wages and wages for all hours worked, payment at one-and-a-half times the regular rate for hours worked in excess of eight hours a day or forty hours a week or for hours in excess of nine hours in a workday and forty-five hours in a workweek for any time that PLAINTIFF or other aggrieved employees are deemed to be personal attendants.

45.  PLAINTIFF is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

46. As a result of DEFENDANTS' violations of statutory duties, as more fully set forth above, PLAINTIFF earned but was not paid wages in an amount above the jurisdictional limits of this Court.

47. PLAINTIFFS are entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

48. At all times mentioned herein, DEFENDANTS were subject to the minimum wage laws of the State of California pursuant to *Labor Code* §§ 1194 and 1194.2.  Pursuant to California Labor § 1194, DEFENDANTS had a duty to pay their employees, including PLAINTIFF and other aggrieved, no less than the minimum wage for all hours worked.  Under *Labor Code* § 1194, PLAINTIFF is entitled to be paid minimum wages and has standing to sue for such violations.

49. Pursuant to *Labor Code* §§ 1194 and 1194.2, PLAINTIFFS seek unpaid minimum wages and penalties for the failure to pay minimum wages.

50. Wherefore, PLAINTIFF is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees, and costs of suit pursuant to *Cal. Labor Code* § 1194(a).

51. As a result of DEFENDANTS' violations of statutory duties, as more fully set forth above, PLAINTIFF earned but were not paid wages in an amount above the jurisdictional limits of this Court.

52. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorney's fees under *Labor Code* §§ 218.5 and 1194, in addition to interest, expenses, and costs of suit.

**COUNT THREE**
**SUPPLEMENTAL STATE CLAIM**
*Labor Code §§ 203, 226, 226.7, and 512*
*Failure to Provide Meal Periods or Compensation in Lieu Thereof*
*AGAINST ALL DEFENDANTS*

53. PLAINTIFF re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

54. DEFENDANTS failed to comply with the requirement under California law regarding meal periods. PLAINTIFF and other aggrieved employees routinely required to work without thirty-minute, uninterrupted meal periods, and PLAINTIFF and other aggrieved employees were not compensated for missed meal periods.

55. *Labor Code* § 226.7 states:
(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

56. DEFENDANTS violated § 226.7 by requiring PLAINTIFF and other aggrieved employees to work for periods of more than five hours without an off-duty meal period of at least 30

minutes.  PLAINTIFF and other aggrieved employees would also work late into the day without a second meal period or even a rest break.  As such, DEFENDANTS are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

57. PLAINTIFF and other aggrieved employees did not voluntarily or willfully waive meal periods.  Any express or implied waivers obtained from PLAINTIFFS were not willfully obtained or voluntarily agreed to. Rather, they were a condition of employment or part of an unlawful contract of adhesion.

58. DEFENDANTS also injured PLAINTIFF and other aggrieved employees by failing to keep adequate time records as required by *Labor Code* §§ 226 and 1174(d).  Their failure makes it difficult to calculate the unpaid meal period compensation due to PLAINTIFFS.

59. As a result of the unlawful acts of DEFENDANTS, PLAINTIFF has been deprived of wages in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs under *Labor Code* §§ 203, 226, 226.7, 512, 1194, and applicable Wage Orders.

60. PLAINTIFF has incurred, and will continue to incur, attorneys' fees in the prosecution of their action and therefore demand such reasonable attorneys' fees and costs as set by the Court.

**<u>COUNT FOUR</u>**
**SUPPLEMENTAL STATE CLAIM**
*Failure to Provide Rest Periods or Compensation in Lieu Thereof*
*(Labor Code §§ 203, 226, 226.7, 1194 and Wage Orders)*
*AGAINST ALL DEFENDANTS*

61. PLAINTIFF re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

62. *Labor Code* §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

63. The applicable Wage Order states with regards to rest periods:

(A)  Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

64. DEFENDANTS violated *Labor Code* §226.7 and the wage orders by failing to schedule rest periods in the afternoons or authorize or permit workers to take rest breaks in the afternoons and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each workday that the rest periods were not provided.

65. PLAINTIFF and other aggrieved employees did not voluntarily or willfully waive rest periods.   Any express or implied waivers obtained from PLAINTIFF were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion.  DEFENDANTS did not provide, permit or authorize PLAINTIFF to take rest periods in accordance with law or, if said rest period was not provided, did not pay for such time.

66. As a result of the unlawful acts of DEFENDANTS, PLAINTIFF and other aggrieved employees have been deprived of wages, which is an amount resulting directly from the acts complained of.

67. WHEREFORE, PLAINTIFF is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to *Labor Code* §1194(a).

//
//
//
//
//
//

COMPLAINT

**COUNT FIVE**
**SUPPLEMENTAL STATE CLAIM**
*Failure to Provide Accurate Itemized Wage Statements*
*(Cal. Labor Code § 226)*
*AGAINST ALL DEFENDANTS*

68. PLAINTIFF re-alleges and incorporates each and every allegation though fully set forth herein.

69. During the relevant time period, *Labor Code* § 226(a) provided:

> (a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

70. Further, *Labor Code* § 226(e) provides:

> (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a

subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(2)(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

(C) For purposes of this paragraph, "promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

71. DEFENDANTS have failed to provide timely, accurate itemized wage statements to PLAINTIFF in accordance with *Labor Code* §§ 226. DEFENDANTS issued wage statements showing that they classified PLAINTIFF as a "1099 Misc." and failed to list the hours worked by PLAINTIFF and other aggrieved employees and the applicable rates of pay for those employees.

72. PLAINTIFF seeks to recover actual damages, costs, and attorneys' fees under these provisions.

## COUNT SIX
### SUPPLEMENTAL STATE CLAIM
*Violation of Cal. Labor Code § 203*
*Waiting Time Penalties*
*AGAINST ALL DEFENDANTS*

73. PLAINTIFF re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

74. *Labor Code* § 201(a) requires an employer who discharges an employee to pay the employee immediately upon discharge.

75. *Labor Code* § 202(a) requires an employer to pay compensation due and owing to an employee who has quit or resigned within seventy-two (72) hours of that the time at which the employee provided notice of their intention to quit or resign.

76. *Labor Code* § 203 provides that if an employer wilfully fails to pay compensation promptly upon discharge or resignation, as required under *Labor Code* §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) days.

77. PLAINTIFF is entitled to unpaid compensation for all hours worked at the legally mandated rates, but for which he has not yet been paid, including overtime wages.

78. PLAINTIFF has left the employ of DEFENDANTS but has not yet been fully compensated for the hours that he worked.

79. DEFENDANTS have willfully failed and refused to make timely payment of wages to PLAINTIFFS.

80. As a direct and proximate result of DEFENDANTS alleged conduct, DEFENDANTS are liable to PLAINTIFF for up to thirty (30) days of waiting time penalties pursuant to *Labor Code* § 203.

//
//
//

COMPLAINT

**COUNT SEVEN**
**SUPPLEMENTAL STATE CLAIM**
*Violation of Cal. Labor Code § 2802*
*Failure to Reimburse Expenses Incurred*
*AGAINST ALL DEFENDANTS*

81. PLAINTIFF re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

82. PLAINTIFF and other aggrieved employees incurred expenses traveling between DEFENDANTS worksites in the form of mileage on their personal vehicles or fees for paying various rideshare services such as Uber or Lyft.

83. DEFENDANTS were aware that PLAINTIFF traveled between worksites using vehicles that were not owned or operated by DEFENDANTS.

84. DEFENDANTS failed to reimburse PLAINTIFFS for the expenses incurred that were necessary for them to perform their essential job duties.

85. PLAINTIFF seeks to recover expenses incurred and reasonable attorneys fees and costs pursuant to *Labor Code* § 2802.

**COUNT EIGHT**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Business & Professions Code §§ 17200 et seq.*
*Restitution for Unfair Business Practices*
*AGAINST ALL DEFENDANTS*

86. PLAINTIFF re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

87. At all times relevant herein, PLAINTIFF'S employment with DEFENDANTS were subject to the FLSA, *Labor Code*, and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day.  Said laws also

1  required payment for all hours worked.  It also required that meal and rest breaks be

2  furnished or provided.

3  88. At all times relevant herein, DEFENDANTS were subject to the California Unfair Trade

4  Practice Act, §§ 17200 *et seq.*  DEFENDANTS failed to pay PLAINTIFFS the applicable

5  minimum wage and overtime rate for her overtime hours, as required by federal and

6  California law.  PLAINTIFF and other members of the general public employed by

7  DEFENDANTS were entitled to those wages, which DEFENDANTS kept to themselves.  It

8  also calls for rest breaks to be scheduled, which changes a business' staffing levels and gave

9  DEFENDANTS an economic advantage over law-abiding businesses.

10  89. In doing so, DEFENDANTS engaged in unfair competition by committing acts prohibited by

11  the FLSA, *Labor Code*, and applicable I.W.C. Wage Orders.  Such acts gave

12  DEFENDANTS a competitive advantage over other employers who were in compliance with

13  the law.

14  90. As a direct and proximate result of DEFENDANTS' violations and failure to pay the required

15  wages and overtime pay, PLAINTIFF'S rights under the law were violated and suffered

16  general damages in the form of unpaid wages in an amount to be proved at trial.

17  91. DEFENDANTS have been aware of the existence and requirements of the Unfair Trade

18  Practice Act and the requirements of the FLSA, *Labor Code*, and applicable I.W.C. Wage

19  Orders, but knowingly, willfully, and intentionally failed to pay PLAINTIFF and other

20  members of the general public employed by them overtime pay.

21

22  **COUNT NINE**
**SUPPLEMENTAL STATE CLAIM**

23  *Representative Action Under the Private Attorneys General Act of 2004 (Cal. Labor Code 2698 et seq.) For Civil Penalties*

24  *AGAINST ALL DEFENDANTS*

25

26  92. PLAINTIFF re-allege and incorporate the allegations of each preceding paragraphs as if fully

27  stated herein as well as the allegations in Exhibit A.

28  93. PLAINTIFF, as an aggrieved employee, bring this claim under *Labor Code* §2698 *et seq.* on

16

behalf of themselves and all other current or former employees of DEFENDANTS as non-exempt employees in California at any time for which recovery under *Labor Code* § 2698 *et seq.* is authorized. PLAINTIFF, as an aggrieved employees, has sent notice to the Labor and Workforce Development Agency (LWDA) of the specific provisions of the *Labor Code* that have been violated, including the facts and theories that support the violations on July 1, 2021. True and correct copies of the notice is attached as Exhibit A. Further a copy of the notice sent to the LWDA was sent to the DEFENDANTS above. Sixty-five says have passed since PLAINTIFF has filed the above notice with the LWDA and PLAINTIFF has not received a response from the LWDA as to whether the LWDA will investigate the claim stated in the notice.

94. PLAINTIFF has submitted the $75.00 payment to the LWDA for filing the above PAGA notice.

95. As alleged above, DEFENDANTS have failed to properly pay the applicable minimum wage and overtime wages for all hours worked, failed to pay wages owed in a timely manner, failed to provide accurate wage statements, and failed to provide timely duty-free meal and rest periods or compensation for meal and rest period violations as required under California Law. Further DEFENDANTS failed to maintain accurate payroll records, reimburse expenses incurred by PLAINTIFF and other aggrieved employees incurred while performing their duties for DEFENDANTS, failed to pay all wages owed upon termination and failed to comply with California's Healthy Workplaces, Healthy Families Act of 2014.

96. PLAINTIFF brings this representative action on her own behalf, the State of California, and all of DEFENDANTS' other current and former aggrieved employees for civil penalties pursuant to PAGA, *Labor Code* § 2698 *et seq*. PLAINTIFF seeks civil penalties under all applicable statutes, including those imposed by *Labor Code* § 558, which authorizes the State of California to fine any employer or person acting on behalf of an employer to violate the *Labor Code* or regulations promulgated by the Industrial Wage Commission, and *Labor Code* § 2699(f), which imposes a civil penalty of one-hundred dollars ($100.00) for the initial

violation and two-hundred dollars ($200.00) for each subsequent violation per pay period of each provision that does not specifically provide a civil penalty.

97. PLAINTIFF alleges that DEFENDANTS violated and continue to violate Wage Order 15 subds. 3, 4, 5 and 8 *Labor Code* §§ 200, 201, 202, 203, 204, 246, 256, 510, 512, 552, 1194, 1197, 1197.1, 1199, and 1454 because they failed to compensate for all hours worked and fail to compensate for hours worked at the required statutory or contractual minimum, overtime and double-time rates, and sick leave.

98. PLAINTIFF alleges that DEFENDANTS violated *Labor Code* § 226 by failing to provide PLAINTIFF and other aggrieved employees with compliant wage statements.

99. PLAINTIFF alleges that DEFENDANTS violated *Labor Code* § 226.8 by misclassifying PLAINTIFF and other aggrieved employees as independent contractors, that DEFENDANTS misclassification of PLAINTIFF and other aggrieved employees was willfully and have a pattern and practice of misclassifying employees as independent contractors to avoid their obligations under the FLSA and California's *Labor Code*.

100. PLAINTIFF alleges that DEFENDANTS violated *Labor Code* sections 1174, 1174.5, and Wage Order 15 Subd. 6. by failing to maintain accurate payroll records of PLAINTIFFS and other aggrieved employees.

101. PLAINTIFF alleges that DEFENDANTS violated and continue to violate Wage Order 15, Subds. 10 and 11 and *Labor Code* sections 226.7, 512, and 1198 because DEFENDANTS failed to provide PLAINTIFFS and other aggrieved employees rest breaks and meal periods and pay premium compensation due its employees for missed rest breaks and meal periods.

102. PLAINTIFF alleges that DEFENDANTS failed to provide paid sick days and violated the Healthy Workplaces, Healthy Families Act of 2014.

103. PLAINTIFF, pursuant to *Labor Code* §§ 2699 and 558, seeks to recover all penalties available against DEFENDANTS for the above violations of California's *Labor Code* and applicable Industrial Welfare Commission Wage Order.

104. DEFENDANTS, in violation of *Labor Code* § 2810.5, failed to provide their caregivers at

the time of hiring a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the information mandated under §2810.5.

105. PLAINTIFF seeks recovery of attorneys fees and costs under these provisions

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS pray for relief as follows:

106. For an order awarding PLAINTIFF compensatory damages for all wages earned but not paid, and all overtime wages earned and not paid,

107. For liquidated damages per the FLSA equal to unpaid minimum wages and overtime wages under the First Count;

108. For liquidated damage under Cal. *Labor Code* § 1194.2 for unpaid minimum wages;

109. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under *Cal. Labor Code* §§ 201-204, 210, 211, 226.3 and 226.7(b), together with interest on these amounts;

110. For earned but unpaid wages as equitable relief, for unpaid overtime and denied meal and rest breaks, under the Unfair Competition Act over a 4-year statute of limitations;

111. For premium wages for meal and rest break violations;

112. Reimbursement of expenses incurred under *Labor Code* § 2802;

113. For the pre-judgment interest of 10% on the unpaid wages and overtime compensation under *Labor Code* §§ 1194(a);

114. For "waiting time" penalties under *Labor Code* § 203;

115. Civil Penalties under *Labor Code* §§ 203, 226.3, 226.8, 246, 248.5, 256, 1174.5, 1197.1, 1454, 2802, 2810.5, 2698 *et seq*., 558 and all other applicable provisions under the *Labor Code*;

116. An order enjoining DEFENDANTS from continuing their unlawful conduct;

COMPLAINT

117. For an award of reasonable attorneys' fees, as provided by 29 U.S.C. § 216(b) of the FLSA; *Labor Code* §§ 2802, 218.5, 226(e), 1194, 2699(g)(1); Code *of Civil Procedure* § 1021.5 or other applicable law;

118. For costs of suit herein;

119. For such other and further relief as the Court may deem appropriate.

Dated: September 29, 2021

RUSNAK LAW OFFICE

Alexander S. Rusnak
Jennifer L. Rusnak
Attorneys for Plaintiff

20

EXHIBIT A

# RUSNAK LAW OFFICE

1001 Molalla Avenue, Suite 221
Oregon City, Oregon 97045
Phone: (408) 780-9835
Fax: (408) 351-0114

Alexander S. Rusnak
ARUSNAK@RUSNAKLAWOFFICE.COM

Jennifer L. Rusnak
JRUSNAK@RUSNAKLAWOFFICE.COM

---

July 1, 2021

**Via Electronic Submission and Certified Mail, Return Receipt**

| | | |
|---|---|---|
| California Labor and Workforce Development Agency | Exigency Healthcare Services, LLC | Exigency Healthcare Services, LLC |
| Attn. PAGA Administrator | Felixberto O Matamis | c/o Edilberto Panlilio, Agent |
| 1515 Clay Street, Ste. 801 | Karen P Panililio | for Service of Process |
| Oakland, CA 94612 | 4041 Maison Ln | 801 Wyman Way, Apt. 1 |
| (Electronic Submission) | Tracy, CA 95377 | San Jose, CA 95133 |

**RE: ANIETA C. PETITT v. EXIGENCY HEALTHCARE SERVICES, LLC _ET AL_. LAB. CODE § 2699.3 CLAIM NOTICE.**

Dear Sir or Madam:

Please be advised that Anieta C. Petitt has retained the RUSNAK LAW OFFICE to represent them and other aggrieved employees for wage and hour claims against her employers and other persons responsible, Exigency Healthcare Services, LLC, Felixberto O. Matamis, and Karen P. Panililio (Collectively "Exigency") Exigency, a California Limited Liability Company, is located in California that employs caregivers of various types to work at various locations.  Exigency has failed to pay them a minimum wage for all hours worked, failed to pay overtime as required by law, misclassified employees as independent contractors, failed to provide complaint rest breaks and meal periods, and violated other provisions of the Labor Code.

Exigency has violated, or has caused to be violated, several Labor Code provisions and is therefore liable for civil penalties under California Labor Code § 2698 _et seq_.  We request that your agency investigate the claims alleged against it below. This letter will serve as notice of these allegations pursuant to the Private Attorney Generals Act of 2004 ("PAGA"). Cal. Lab. Code § 2699.3.

## **Willful Misclassification of Employees as Independent Contractors**

Exigency violated California Labor Code §226.8 by knowingly and willfully misclassifying Petitt and other aggrieved employees as independent contractors and has a pattern and practice of doing so. Exigency does not deduct federal, state, and other deductions from Exigency's employees' pay and issued Petitt and other aggrieved employees 1099 tax forms to report wages to Petitt and other aggrieved employees. Further, Exigency did not pay the employer's share of Social Security and Medicare taxes. Exigency's misclassification is a willfull practice done to avoid its obligations to pay a minimum wage for all hours worked, pay all necessary overtime premiums, and comply with other provisions of California's Labor Code.

Because Exigency violated Labor Code §226.8, Exigency is liable for civil penalties of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation pursuant to Labor Code §226.8(b) or a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, if it shown Exigency has a pattern and practice of misclassifying their employees as independent contractors pursuant to Labor Code §226.8(c).

## **Unlawful Failure to Pay Overtime**

Exigency has failed to maintain a policy that compensates Petitt and other aggrieved employees for all hours worked, including overtime. Specifically, Exigency only pays Exigency's employees a regular rate of pay for all hours worked, without overtime premiums. Exigency's employees routinely work over eight hours in a workday or forty hours in a workweek and are not paid one and one-half, or twice their regular rate when applicable, their regular rate of pay for overtime. In the case of any employee who was a personal attendant, overtime premiums for hours worked more than nine hours in a workday or 45 hours in a workweek.

As a result of violations of California Labor Code §§ 510, 1194, 1454, and Industrial Welfare Commission Wage Orders 15-2001 for failure to pay overtime, Exigency is liable for civil penalties according to California Labor Code §§ 558 and 2698 *et seq*.

## **Unlawful Failure to Provide Unpaid Balance of Full Amount of Overtime Compensation**

As described above, Exigency has required Petitt and other aggrieved employees to work hours in excess of eight hours in a day and forty in a week but has not paid these employees overtime compensation. As a result, Exigency's employees have been denied "the unpaid balance of the full

amount of this minimum wage or overtime compensation, including interest thereon" as required by California Labor Code § 1194, and Exigency is liable for civil penalties according to California Labor Code § 2698 *et seq*.

### Unlawful Failure to Pay Minimum Wage

Exigency has failed to maintain a policy that compensates Petitt and other aggrieved employees an amount equal to or greater than the minimum wage for all hours worked, as required by California Labor Code §§ 1194, 1197, 1197.1, and Industrial Welfare Commission Wage Orders 15-2001. Exigency employed employees who worked at multiple locations, frequently leaving one location to work at another location immediately. Further, when Petitt and other aggrieved employees worked hours beyond their scheduled shift such, such as when an employee was late to relieve another employee at the end of their shift, Exigency failed to compensate Petitt and other aggrieved employees for such compensable travel time and work time.

As a result of Exigency's violations of California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Order 15-2001 and Labor Code § 1454 for failure to pay minimum wage, Exigency is liable for civil penalties pursuant to California Labor Code §§ 558, 1197.1, and 2698 *et seq*.

### Unlawful Failure to Provide Uninterrupted Off-Duty Meal Periods

Exigency has failed to maintain a policy that provides Petitt and other aggrieved employees with off-duty meal periods as required by California law. Exigency maintained a policy requiring Aggrieved Plaintiffs and other aggrieved workers to always supervise Exigency's clients, requiring Petitt and other aggrieved employees to eat while on duty. Exigency did not provide "breakers" or "relief" workers to allow Petitt and other employees to take their off-duty meal periods. Petitt and other aggrieved employees regularly worked more than five (5) hours a day without being provided at least half-hour meal periods in which they were relieved of all duties, as required by Labor Code §§ 226.7, 512, and Wage Order 15-2001. Exigency failed to pay their employees the premium compensation mandated by Labor Code § 226.7(b) for these missed meal periods. As a result of violations of California Labor Code §§ 226.7 and 512 and Wage Orders 15-2001, Exigency is liable for civil penalties pursuant to California Labor Code §§ 558 and 2698 *et seq*.

### Unlawful Failure to Provide Uninterrupted Off-Duty Rest Periods

Exigency has failed to maintain a policy that provides Petitt and other aggrieved employees with off-duty rest periods as required by California law. Aggrieved Plaintiffs and similarly situated employees employed by Exigency regularly worked in excess of four hours or major fraction thereof during workdays without being provided at least a ten-minute rest period in which they were relieved of all duties, as required by Labor Code §§ 226.7,512 and Wage Order 15-2001. Petitt and other aggrieved employees were prohibited

from leaving Exigency's clients unattended while working and were required to be ready to act throughout their entire shift for emergencies or non-emergency requests. Exigency did not provide "breakers" or "relief" workers to allow Petitt and other employees to take their off-duty rest periods. Exigency failed to pay their employees the premium compensation mandated by Labor Code § 226.7(b) for these missed rest periods.  As a result of violations of California Labor Code §§ 226.7, 512 and Wage Order 15-2001, Exigency is liable for civil penalties pursuant to California Labor Code §§ 558 and 2698 *et seq.*

### Unlawful Failure to Furnish Wage Statements

Exigency has violated California Labor Code § 226(a) by willfully failing to furnish Petitt and other aggrieved employees with accurate, itemized wage statements showing the actual hours worked and wages earned.  When Exigency compensated Petitt and other aggrieved employees, it did not accurately show the hours worked, rates of pay, and wages earned by Petitt and other aggrieved employees. Fur As a result of violations of California Labor Code § 226(a), Exigency is liable for civil penalties pursuant to California Labor Code Labor Code §§ 226.3 and 2698 *et seq.*

### Unlawful Failure to Keep Accurate Payroll Records of Daily Hours Worked

Exigency has failed to keep accurate payroll records showing total hours worked and wages paid to Petitt and other aggrieved employees.  Under California Labor Code § 1174(d), employers must keep "payroll records showing the hours worked daily by and the wages paid to ... employees [...]." Because Exigency did not keep accurate time records reflecting hours worked for Exigency's employees, it is liable for civil penalties according to California Labor Code § 2698 *et seq*.  To the extent of Exigency's failure to keep accurate payroll records was willful, it is liable for civil penalties under California Labor Code § 1174.5.

### Unlawful Violation of California Labor Code § 1199

Under California Labor Code §§ 1199(a) and (c) and 2699.5 *et seq.*, an employer who "requires or causes any employee to work for longer hours than those fixed" or "violates or refuses or neglects to comply with any provision of the Labor Code regarding employees' wages, hours, and working conditions, is subject to PAGA penalties.  As described above, Exigency has required Petitt and other aggrieved employees to work hours in excess of eight (8) hours in a day and forty (40) hours in a week (thereby violating § 1199(a)). In the case of any employee who was a personal attendant, overtime premiums for hours worked more than nine (9) hours in a workday or forty-five (45) hours in a workweek. Exigency has violated numerous provisions of the Labor Code pertaining to employee wages

and hours (thereby violating §1199(b)).  Accordingly, Exigency is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Unlawful Failure to Pay All Wages Twice Each Calendar Month

Upon information and belief, Exigency failed to properly compensate Exigency's workers for all hours worked, including those in excess of eight (8) in a day and forty (40) in a week, in the case of any employee who was a personal attendant, overtime premiums for hours worked more than nine (9) hours in a workday or forty-five (45) hours in a workweek, as well as for missed meal periods.  Accordingly, Exigency violated California Labor Code § 204(a), which requires that employers pay "all wages [...] twice during each calendar month on days designated in advance by the employer as the regular paydays" (emphasis added).  As a result, Exigency is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Failure to Enforce Maximum Hours of Work

Additionally, Exigency failed to enforce the maximum hours of work fixed by the Industrial Welfare Commission with respect to Exigency's employees as required by California Labor Code § 1198. Petitt and other aggrieved workers worked hours in excess of the limitations set forth by the Industrial Welfare Commission. Exigency is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Causing Employees to Work More Than Six Days in Seven

Exigency caused their employees to work more than six days in seven in violation of Labor Code §552. Exigency is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Unlawful Failure to Pay Wages due Upon Termination

Exigency violated California Labor Code §§ 201 and 202 by willfully failing to pay all compensation due and owing to all former Exigency employees at the time employment was terminated.  Exigency willfully failed to pay Exigency's employees who are no longer employed by it all compensation due upon termination of employment as required under California Labor Code §§ 201 and 202.  Pursuant to §§ 203 and 256 of the Labor Code, Petitt and other aggrieved employees are now also entitled to recover up to thirty (30) days of wages due to Exigency's "willful" failure to comply with the statutory requirements of sections 201 and 202 of the Labor Code.  Additionally, because Exigency violated California Labor Code §§ 201, 201, and 203 of the Labor Code, Exigency is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Violation of Labor Code §2810.5

Exigency, in violation of Labor Code § 2810.5, failed to provide their employees at the time of hiring a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information:

(A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable.

(B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances.

(C) The regular payday designated by the employer in accordance with the requirements of this code.

(D) The name of the employer, including any "doing business as" names used by the employer.

(E) The physical address of the employer's main office or principal place of business, and a mailing address, if different.

(F) The telephone number of the employer.

(G) The name, address, and telephone number of the employer's workers' compensation insurance carrier.

(H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave, and has the right to file a complaint against an employer who retaliates.

(I) Any other information the Labor Commissioner deems material and necessary.

Exigency is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Violation of Labor Code § 246 *et seq.*

Labor Code Section 246(b)(1) sets forth that "[a]n employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operative date of this article, whichever is later, subject to the use and accrual limitations set forth in this section." Exigency's employee failed to generate accrued paid sick hours at the rate not less than one hour per every 30 hours worked. Exigency is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Failure to Reimburse Expenses Under Labor Code §2802

Exigency has failed to reimburse their Petitt and other aggrieved employees for all business expenses they have incurred while performing their job duties for Exigency.  For example, Exigency's employees are required to use their vehicles or pay for transportation (such as paying for an Uber or Lyft rideshare) to while performing their job duties, such as transporting Exigency's clients, running errands for Exigency's clients, or traveling between Exigency worksites but Exigency did not reimburse their employees for the personal vehicle usage or transportation costs incurred.

## <u>Conclusion</u>

Exigency has violated or has caused to be violated a number of California wage and hour laws. Accordingly, Petitt requests the agency investigate the above allegations and provide notice of the allegations pursuant to PAGA's provisions.  Alternatively, Petitt requests the agency inform her if it does not intend to investigate these violations so that she may amend her lawsuit to include the violations discussed in this letter.

Yours truly,

Alexander S. Rusnak
Attorney for that Anieta Petitt