UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANIETTA C. PETITT,<br><br>    Plaintiff,<br><br>v.<br><br>EXIGENCY HEALTHCARE SERVICES, LLC, et al.,<br><br>    Defendants. | Case No.  21-cv-07639-VKD<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 35 |

In connection with plaintiff Anietta C. Petitt's unopposed motion seeking approval of the parties' settlement agreement, defendants filed several pages of financial documents conditionally under seal, accompanied by an administrative motion to consider whether the material should be sealed pursuant to Civil Local Rule 79-5.  The documents are comprised of 135 pages of financial material, including tax returns, bank statements, and loan information, produced in discovery in support of defendants' assertion that "a large settlement sum could not be paid." Dkt. No. 35-1 ¶ 4.  The parties stipulated to filing these sensitive financial documents conditionally under seal, and defendants request that the Court order the material sealed.  Dkt. No. 35-1 ¶ 8; Ex. B at 2.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct.

1  38 (2016). A litigant seeking to seal documents or information in connection with such a motion
2  must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.
3  *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

4  As the material at issue was produced in support of the parties' settlement negotiations,
5  and as approval of the settlement agreement is dispositive of the claims, the compelling reasons
6  standard set forth in *Kamakana* applies. *See Taylor v. AFS Techs., Inc.*, No. CV-092567-PHX-
7  DGC, 2010 WL 2079750, at *2 (D. Ariz. May 24, 2010) (applying compelling reasons standard to
8  motion to seal in connection with approval of FLSA settlement agreement).

9  Defendants address the compelling reasons standard in their motion. Dkt. No. 35 at 2.
10 Defendants argue that, under that standard, compelling reasons to seal the material exist because
11 "disclosure of these documents would result in the public obtaining sensitive financial and
12 personal information which could have series consequences, like identity theft." Dkt. No. 35 at 2-
13 3. Defendants argue that these serious consequences outweigh the public's interest in the
14 disclosure of these documents. *Id.* Defendants also argue that these documents contain
15 "proprietary information regarding defendants' business," which, if disclosed, could cause
16 defendants competitive harm. Finally, pursuant to Civil Local Rule 79-5 defendants state that
17 "redactions alone will not suffice to protect the privacy interests of defendants." Dkt. No. 35-1 ¶
18 7.

19 The Court agrees with defendants that compelling reasons exist to seal the material. The
20 Court observes that the material contains extensive confidential information, such as bank
21 statements, payroll information that includes employee names, and loan documents. The material
22 also contains tax statements and supporting profit/loss documentation. The Court finds that if this
23 material were disclosed it could be used for an improper purpose or cause defendants competitive
24 harm. *Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the
25 public's interest in disclosure and justify sealing court records exist when such 'court files might
26 have become a vehicle for improper purposes.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
27 U.S. 589, 598 (1978)); *see also Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,
28 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (applying compelling reasons standard to seal

United States District Court
Northern District of California

financial documents). The Court further finds that defendants' interest in avoiding harm outweighs the public interest in disclosure. *See Transperfect Global, Inc. v. MotionPoint Corp.*, No. 10–cv–02590–CW, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014) (granting motion to seal documents containing confidential financial information).

Accordingly, the Court orders the material contained in Dkt. No. 35-3 sealed. No further action is required from the parties.

**IT IS SO ORDERED.**

Dated: March 10, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge